## CIRCUIT COURT OF BALTIMORE CITY

. Filed October 29, 1900.

DAVID STEWART
VS.
THOMAS C. CHAPPELL ET AL.

WICKES, J.—

Exceptions have been filed to the answer of Thomas C. Chappell and a motion is also pending to strike out the exceptions. In this matter I am dealing with only so much of the answer as relates to Thos. C. Chappell, the remaining question as to Mrs. Alcinda M. Chappell is pending before another judge.

The first exception to the answer must be sustained, as it was filed in *proprie persona*, and Equity Rule No. 2, which requires a certificate from a justice of the peace, that such a paper has been signed or acknowledged before him, has not been complied with.

It is only proper to add that in many other respects the answer is fatally defective; indeed, it is difficult to reconcile its peculiarities with any rules governing equity pleading. It is most unnecessarily voluminous and verbose; not properly paragraphed, filled with irrelevant statements, confused and confusing. Such a paper ought not to encumber the files of the Court, and must be stricken off.

A fee is applied for by plaintiff, who is himself his own counsel, under the provisions of the Code giving the Court power to allow one under such circumstances as we have here. It is a discretion so rarely exercised that I have no knowledge of an instance in which it has been done.

In Bank vs. Dugan, 2 Bland 257, a fee was allowed, and there may have been instances in the practice of this Court of which I have no knowledge. Ordinarily, I would not be disposed to exercise the discretion in favor of the applicant, but this is an extreme case and calls for extreme remedies.

The defendant, Thomas C. Chappell, has been repeatedly admonished by the Courts of this State as to his method of conducting his very extensive litigation. His persistence under such circumstances in preparing his own papers, and so introducing chaos into the records of the Court surely calls for some remuneration to counsel who suffer the delay and labor resulting from such defiant obstinancy. I shall therefore allow a fee of one hundred dollars and the costs of this proceeding, and require him to file a proper answer in ten days from this date, and in event of his failure to do so a decree *pro confesso* will be permitted to be entered against him. A decree will be signed giving effect to these views.